UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID SALEWSKE and
SHARON SALEWSKE,

        Plaintiffs,

v.

        Case Number 12-12580
        Honorable Thomas L. Ludington

CITIBANK, N.A., as Trustee for the
Holders of Bear Stearns Alt-A Trust,
2006-6 Mortgage Pass-Through
Certificates, Series 2006-6,

        Defendant.
_____/

**OPINION AND ORDER OVERRULING OBJECTION,
ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION,
AND GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

This case concerns a pending mortgage foreclosure by advertisement on a private residence. The plaintiffs have defaulted on the loan, the defendant is in possession of the promissory note endorsed in blank, and the assignment from the original mortgagee to the defendant is recorded in the county land records. The question is whether the defendant has the authority to foreclose on the property. For the reasons that follow, this question is answered in the affirmative.

**I**

**A**

On May 25, 2006, Plaintiffs David and Sharon Salewske obtained a $620,000 loan to purchase a residence located at 4498 S. River Road in Cheboygan, Michigan. The loan had a twenty year term and an interest rate of 6.875 percent, resulting in a monthly payment obligation of $4,072.96.

In exchange for the loan, Plaintiffs executed two documents, a mortgage and promissory note. The mortgage identifies the borrowers, "David Salewske and Sharon Salewske," and the lender, "America's Wholesale Lender," a New York corporation.[1] The mortgage also identifies the mortgagee and lender's nominee, specifying: "MERS is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns."

The promissory note, in turn, provides: "In return for a loan that I have received, I promise to pay U.S. $620,000.00 (this amount is called "Principal"), to the order of the Lender. The Lender is America's Wholesale Lender." The first paragraph of the note cautions: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" Mr. Salewske endorsed the note. A representative of America's Wholesale Lender also endorsed the note, in blank.

**B**

In June 2009, MERS assigned the promissory note and mortgage to Defendant. In pertinent part, the assignment provides:

> Know all men by these presents, that Mortgage Electronic Registration Systems, Inc. as nominee for Lender and Lender's successors and/or assigns, . . . for and in consideration of the sum of One Dollar ($1.00) and other valuable considerations, lawful money of the United States of America, to it paid by [Defendant] . . . does hereby sell, assign and transfer to [Defendant], all the right, title and interest of [MERS] in and to a certain real estate mortgage made by [Plaintiffs], to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for America's Wholesale Lender in Liber 1033, Page 497, Cheboygan County Records, in the original principal sum of Six Hundred Thousand and 00/100 ($620,000.00).

On July 1, 2009, the assignment was recorded in the Cheboygan County land records.

---

[1] America's Wholesale Lender was one name that Countrywide Financial Corp. did business under.

At some point in either 2008 or 2009 (the parties do not specify when), Plaintiffs stopped making their required monthly mortgage payments.

C

In January 2011, Plaintiffs received "a notice of intent to accelerate" the loan from BAC Home Loan Servicing, LP.[2] Observing that Plaintiffs were about $100,000 in arrears, the notice of intent to accelerate explained: "BAC Home Loans Servicing . . . services the home loan described above on behalf the holder of the promissory note [that is — Defendant]. The loan is in serious default because the required payments have not been made [for more than one year]." The notice further cautioned: "If the default is not cured on or before February 26, 2011, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time."

February 26, 2011 came. And it passed. Plaintiffs did not make any payments on the loan — much less bring it current.

Another year passed. During the year, MERS (for unexplained reasons) again assigned the promissory note to Defendant. The assignment was recorded in the Cheboygan County land records on December 5, 2011.

D

In March 2012, Plaintiff received a letter from the law firm of Trott &Trott, PC. Sent pursuant to Mich. Comp. Laws § 600.3205a(1), the letter informed Plaintiffs that Trott & Trott "represents Bank of America, N.A., which is the creditor to which your mortgage debt is owed or

---

[2] "BAC Home Loan Servicing, LP" is a Bank of America company. As noted, "America's Wholesale Lender" was one name that Countrywide Financial Corporation did business under. In 2008, Bank of America and Countrywide merged. *See generally* Shira Ovide, *Bank of America-Countrywide: Worst Deal in History?*, Wall St. J., June 29, 2011, available at http://blogs.wsj.com/deals/2011/06/29/bank-of-america-countrywide-worst-deal-in-history/#.

the servicing agent for the creditor to which the debt is owed." Disclosing that Plaintiffs had 30 days to "request a meeting with the designated agent to attempt to work out a modification of the mortgage loan to avoid foreclosure," the letter went on to explain: "If you request a meeting with the designated agent, as outlined, foreclosure proceedings will not be commenced until 90 days after the date of this notice."

Plaintiffs did not respond to this letter. Nor did they any make payments on the loan.

### E

On May 17, 2012, a "notice of foreclosure sale" was published by Trott & Trott. The notice of foreclosure sale informed the reader:

> Default has been made in the conditions of a mortgage made by David M. Salewske and Sharon Salewske . . . original mortgagor(s), to Mortgage Electronic Systems, Inc., Mortgagee, dated May 25, 2006, and recorded on June 9, 2006 in Liber 1033 on Page 497, and assigned by said Mortgagee to CITIBANK, N.A., AS TRUSTEE FOR THE HOLDERS OF BEAR STEARNS ALT-A TRUST, 2006-6 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-6 as assignee as documented by an assignment, in Cheboygan county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of Seven Hundred Thirty-One Three Hundred Fifty-Eight and 69/100 Dollars ($731,358.69).
>
> Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue [sic], at the place of holding the circuit court within Cheboygan County, at 11:00 AM, on June 15, 2012.

The notice also contained the following caution: "ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee."

### F

Plaintiffs responded by initiating this lawsuit. On June 1, 2012, Plaintiffs filed a complaint against Defendant in the Cheboygan County Circuit Court. The counts include claims

asserting: (1) wrongful foreclosure pursuant Mich. Comp. Laws § 600.3204 because there is no clear chain of title and, even if there were, Citibank is incapable of holding an interest in the property on behalf of a passive trust under Mich. Comp. Laws § 555.5; (2) wrongful foreclosure under Mich. Comp. Laws § 600.3204(1)(d) because Citibank does not own an interest in Plaintiff's note and it was not the servicer of Plaintiff's mortgage; (3) slander of title; (4) quiet title; (5) violation of the Truth in Lending Act ("TILA") under 15 U.S.C. § 1639, et seq., based on the "double assignment of the same property by the same parties."

The same day as Plaintiffs filed suit, they moved in state court for an ex parte temporary restraining order preventing the foreclosure sale. The temporary restraining order was granted.

On June 13, 2012, Defendant removed the case to this Court. It was then referred to Judge Binder for general case management pursuant to 28 U.S.C. § 636(b). In July 2012, Defendants filed a motion to dismiss the complaint or, alternatively, for summary judgment. ECF No. 7. In October 2012, Judge Binder issued a report recommending that Defendant's motion be granted. Plaintiffs have filed a single objection to Judge Binder's report and recommendation.

**II**

The district court will make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not obligated to review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

### III

Plaintiffs' sole objection to Judge Binder's report and recommendation regards their argument that it was not Defendant, but Bank of America, that published the notice of foreclosure and sought the foreclosure sale — and Bank of America lacked the authority to do so. Opposing Defendant's motion to dismiss, Plaintiffs wrote:

> As stated in the notices of foreclosure, Trott foreclosed as "attorneys for servicer." The servicer was BOA. Therefore, as stated by the foreclosing attorneys, BOA is the "foreclosing party." However, the record is barren of any assignment to the foreclosing party as envisioned by MCL 600.3204(3). . . Because the statute was not followed, Plaintiffs are entitled to enjoin the foreclosure.

Pls.' Resp. to Def.'s Mot. to Dismiss 4 (internal citations omitted), ECF No. 8. Judge Binder reported that this argument lacked merit, explaining:

> Plaintiffs . . . argue that Bank of America, rather than Defendant, was the proper foreclosing party because Bank of America was the "servicer" who published the notice of foreclosure sale. The statute, however, authorizes foreclosure by the servicer of the mortgage or the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage. Therefore, under the statute, both Defendant and Bank of America are authorized to foreclose. Here, Defendant was the foreclosing agent but even if Bank of America were the foreclosing agent, it too would be authorized to do so. I thus suggest that this argument neither advances Plaintiff's position nor undermines Defendant's authority to foreclose.

Report & Recommendation 10 (citations omitted), ECF No. 11.

Plaintiffs now object that they "do not argue that Bank of America should have foreclosed the mortgage, as their argument is characterized by the Court. Rather, Plaintiffs argue that Bank of America did in fact foreclose the mortgage, despite never receiving assignment of the mortgage." Pls.' Objection 2 (emphasis omitted), ECF No. 12. Plaintiffs elaborate: "The notices of foreclosure, which generally are understood to be published and recorded by 'the party foreclosing the mortgage,' were created and published by the attorney for the servicer Bank of

America and not Defendant. Plaintiffs allege that this means that Bank of America, not Defendant, was the 'foreclosing party.' At the very least, the notices create a genuine issue of material fact as to who the foreclosing party was." *Id*. at 3.

Plaintiff's objection is not well made. Plaintiffs own actions demonstrate that they don't think Bank of America is the party foreclosing on the mortgage. If they did, they would have sued Bank of America to stop the foreclosure. They didn't. Rather, Plaintiffs sought (and were granted) a temporary restraining order against Defendant enjoining the foreclosure.

Not only is Plaintiffs' objection belied by their own conduct — but by the plain text of the notice of foreclosure itself. As noted, the notice of foreclosure identifies Defendant as the mortgagee, Defendant as the party who has recorded its interest in the property in the land records, and Defendant as the party to whom the debt is owed. And the notice of foreclosure contains the following caution: "ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee." Although a tautology, it bears spelling out — Defendant, the foreclosing mortgagee, is the foreclosing party.

Finally, even if Defendant was not the foreclosing party, no genuine issue of material fact would exist. A fact is material, of course, if it would change the outcome of the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Bank of America, Plaintiffs concede, is the servicer of the loan. As such, it also has the statutory authority to foreclose on the mortgage. Section 3204(1)(d) of the Michigan Compiled Laws authorizes two types of parties to foreclose a mortgage by advertisement: "the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." As Judge Binder cogently observed, "under the statute, both Defendant and Bank of America are authorized to foreclose.

Here, Defendant was the foreclosing agent but even if Bank of America were the foreclosing agent, it too would be authorized to do so." For the reasons discussed above, Judge Binder was correct.

In sum, Defendant is the foreclosing party. Although Bank of America, acting in its capacity as servicer on the loan, sent a notice of acceleration, it is Defendant who is identified in the notice of foreclosure as the "foreclosing mortgagee."

Plaintiffs' objection will be overruled.

IV

Accordingly, it is **ORDERED** that Plaintiffs' objection to Judge Binder's report and recommendation (ECF No. 12) are **OVERRULED**.

It is further **ORDERED** that the Judge Binder's report and recommendation (ECF No. 11) is **ADOPTED**.

It is further **ORDERED** that Defendant's motion to dismiss (ECF Nos. 6, 7) is **GRANTED**.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: January 11, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2013.

> s/Tracy A. Jacobs
> TRACY A. JACOBS